IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GLOBAL VAN LINES, INC., )
(an Indiana corporation), )
                Plaintiff, )
  )
v. )    Civil Action No.
  )
GLOBAL VAN LINES, INC., )
(a Florida Corporation), )
DOREEN ABRAMS  (an individual), )
SHAY HOROWITZ (an individual), )
SHARON  BENNAMER (an individual), )
 and HAYIM  BENNAMER (an individual) )
  )
           Defendants. )



**05 - 61410**

CIV UNGARO-BENAGES

---

## COMPLAINT SUBMITTED BY PLAINTIFF GLOBAL VAN LINES, INC.; INJUNCTIVE RELIEF SOUGHT AND DEMAND FOR JURY TRIAL

Plaintiff, Global Van Lines, Inc., ("Global"), by an through its attorneys, complains

against Defendants Global Van Lines, Inc. ("GVL"), Doreen Abrams, Shay Horowitz, Sharon

Bennamer, and Hayim Bennamer, (collectively "Defendants") as follows:

### THE PARTIES

1.     Global is an Indiana corporation having its principal place of business at 5001

US. Highway 30 West, Fort Wayne, Indiana 46818.  Global owns the U.S. trademark

registrations which are at issue in this action.

2.     GVL is a Florida corporation having its principal place of business at 2445 SW

18th Terrace, Suite #918, Ft. Lauderdale, Florida, 33315.

3.     Sharon  Bennamer, is an individual whose residence is in Hollywood, Florida.



Ms. Bennamer is and at all relevant times was the President and Director of Defendant Van Lines.

4.      Hayim  Bennamer is an individual whose residence is in Hollywood, Florida. Mr. Bennamer is, and at all relevant times was the vice president and/or director of Defendant GVL.

5.      Doreen Abrams is an individual whose residence is in Plantation, Florida.  Ms. Abrams is and at all relevant times was the incorporator of GVL.

6.      Shay Horowitz is an individual whose residence is in Coral Springs, Florida. Mr. Horowitz is and at all relevant times was a vice president of GVL.

## JURISDICTION AND VENUE

7.      Count I herein arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114.  Count II is for false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Count III is for dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Count IV arises under the common law of the State of Florida prohibiting unfair competition. Count V arises under Florida Statue § 501.204, which prohibits unfair competition.

8.      This court has jurisdiction over this Complaint based on 15 U.S.C. § 1121, 28 U.S.C. § 1331, § 1332, § 1367, and § 1338(a), as federal questions are presented, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as GVL is doing business in this district and GVL has thereby committed the acts of infringement, false designation of origin, dilution, and unfair competition complained of in this district.

10.      Venue is proper with regard to individual defendants Doreen Abrams, Shay

Horowitz, Sharon Bennamer and Hayim Bennamer, as each one of said individuals resides and works in this district and has committed and/or directed the acts of infringement, false designation of origin, dilution, and unfair competition complained of in this district.

11.     GVL is subject to service of process in this district as its registered agent is located in this district; specifically, the registered agent is Sharon Bennamer, and the registered address is  710 S. Park Rd., Unit #14216,  Hollywood, FL, 33021.

12.     Individual defendants Doreen Abrams, Shay Horowitz, Sharon Bennamer and Hayim Bennamer, and each of them, are subject to service of process in this district as they reside and work in this district.

## COUNT I
### Trademark Infringement
### Under the Lanham Act, 15 U.S.C. Section 1114(a)

13.     Global, in coordination and cooperation with its authorized, licensed  agents, has been extensively engaged in the business of providing and marketing a variety of transportation services in interstate commerce since 1970 under the marks "Global" and "Global and Design."

14.     Global and its agents offer services to households, including but not limited to packing, transportation, and storage of household goods; relocation services; transportation brokerage services; marketing of transportation services; transportation insurance services; transportation monitoring services; and other transportation services.

15.     Global holds a certificate from the Federal Highway Administration and is engaged in the transportation of household goods between points in the United States.

16.     On August 18, 1970 and December 1, 1970 Global registered its trade names and trademarks, "Global" and "Global and Design," as well as other marks containing the word

3

"Global," including U.S. Service Mark Registrations Nos. 897127 and 903656 (hereinafter the "Marks"). Said registrations were renewed as required to maintain ownership. (See Affidavit of Daniel S. Robertson, filed concurrently herewith.)

17.     Under the Trademark Act, 15 U.S.C. § 1115(a), Global has exclusive rights to its registered Marks and to the use of said Marks in connection with the services covered by the registrations. The incontestable status of its registrations serves as conclusive evidence of Global's exclusive right to use those Marks in commerce. 15 U.S.C. § 1115(b).

18.     The Marks and the Global name have been in continuous use for more than thirty (30) years in a variety of ways in connection with the business of providing and marketing transportation services to the public. Global has extensively advertised and promoted the Global Marks throughout the United States by using the Global Marks in association with the above-identified services.

19.     Specifically, Global and its licensed agents prominently use the Global Marks in advertising and promotion of moving and storage services through television commercials, internet advertisement and promotion, print advertisements, shipping materials, brochures and sales contracts, shipping documents, signage appearing at the business premises of authorized Global agents, yellow page listings, and signage appearing on trucks and other equipment used by authorized Global agents. As a result of this extensive, continuous use, and as a result of the extensive publicity and public acclaim Global and its services have garnered, the Marks and the name are famous worldwide. Consequently, the trade names "Global Van Lines" and "Global" are valuable assets of the company.

20.     On or before April 2005, GVL began using the trade name and service mark

4

"Global Van Lines" in connection with moving and storage services, by incorporating and registering the Florida company name "Global Van Lines, Inc." See records of Florida Department of State, Division of Corporations, attached hereto as Exhibit "A."

21.     At all relevant times, from April 2005 to the present, GVL was not an authorized agent of Plaintiff, and had never been granted permission to use Plaintiff's Mark and/or the Global name in connection with its business,

22.     Upon learning of the existence of GVL, Global immediately began investigation of said company.

23.     GVL's services are intended to be, and are in fact targeted toward a substantial segment of the public that has long been familiar with Global's trade name, service Marks, and services. Further, GVL's services are in direct competition with the transportation services provided by Global.

24.     At all relevant times, and continuing into the present, GVL employees have answered business phones using the "Global Van Lines" name and offered interstate moving of household goods, including storage and delivery. (See Affidavit of Viviane Quinones, filed concurrently herewith.)

25.     At all relevant times, and continuing into the present, GVL has utilized the Global name and Marks on its fax cover sheets, correspondence, and estimates provided to customers. (See Exhibit A to Affidavit of Viviane Quinones, filed concurrently herewith.)

26.     At all relevant times, and continuing into the present, GVL has utilized the Global name and Marks on its website, at http://myvanlines.com. Trading on the goodwill and brand recognition of Plaintiff Global, GVL advertises its services on its website, stating: "Global is

America's leading and most trusted name for transportation today." See website printout from http://myvanlines.com/ , attached hereto as Exhibit "B."

27.     GVL's willful, unauthorized and continued use of the Global trade name and Marks has caused actual confusion, mistake, and deception of consumers who were led to believe that GVL's services were in some way sponsored by, connected to, or affiliated with Global and Global's services within the meaning of 15 U.S.C. §1114(a).

28.     One such customer, Timothy Wagner, entered into an agreement for services from GVL, believing that GVL was Plaintiff, Global. Mr. Wagner was confused, misled and deceived as to the source and origin of GVL's services and mistakenly purchased services of inferior quality that were not authorized by Global. (See Affidavit of Timothy Wagner filed concurrently herewith.)

29.     GVL's willful, unauthorized and continued use of the Global trade name and Marks has and will likely cause additional instances of confusion, mistake, and deception of consumers who believe that GVL's services are in some way sponsored by, connected to, or affiliated with Global or Global's services within the meaning of 15 U.S.C. §1114(a).

30.     GVL's unauthorized and willful use of the Global trade name and Marks in connection with its moving and storage services violate Global's exclusive rights in its registered Global Marks in violation of the Lanham Act, 15 U.S.C. Section 1114(a).

31.     By engaging in unauthorized use of the Global Marks in connection with moving and storage services, GVL is using a counterfeit mark in connection with the sale and offering for sale of services in violation of 15 U.S.C. § 1117(c).

32.     Doreen Abrams, Shay Horowitz, Sharon  Bennamer, and Hayim Bennamer, as

6

owners, directors and officers of GVL, personally participated in, authorized, directed, planned, orchestrated, approved of, and were the conscious forces behind the infringing acts complained of.

33.    GVL's continued unauthorized use of the mark "Global" is willful and has been done with the intention of trading upon the valuable goodwill built up by Global in its name and Marks.

34.    GVL's continued unauthorized use of the Global Marks jeopardizes the goodwill symbolized by Global's trade name and Marks, causing immediate, serious, and irreparable injury to Global, for which Global does not have an adequate remedy at law.

## COUNT II
### False Designation of Origin
### Under the Lanham Act, 15 U.S.C. § 1125(a)

35.    Global repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 34, inclusive.

36.    GVL's unauthorized use of the Global Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of GVL with Global and as to the origin, sponsorship or approval of GVL's services and other commercial activity by GVL within the meaning of 15 U.S.C. § 1125(a).

37.    GVL's continued acts of false designation of origin by virtue of its use of the Global Marks are willful and have been done with the intention of trading upon the valuable goodwill built up by Global in its name and Marks.

38.    Doreen Abrams, Shay Horowitz, Sharon  Bennamer, and Hayim Bennamer, as owners, directors and officers of GVL, personally participated in, authorized, directed, planned,

orchestrated, approved of, and were the conscious forces behind the acts of false designation of origin complained of.

## COUNT III
### Under the Lanham Act, 15 U.S.C. § 1125(c)

39.     Global repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 34, inclusive.

40.     Plaintiff's registered Global Marks and trade name as alleged herein are distinctive and famous within the meaning of the Lanham Act, 15 U.S.C. § 1125(c).

41.     GVL's unauthorized use of the Global Marks and the trade name "Global Van Lines" in commerce began long after Plaintiff's Marks and trade name became famous. (See Affidavit of Daniel S. Robertson).

42.     GVL's unauthorized use of the Global Marks and trade name in commerce causes dilution of the distinctive quality of Plaintiff's famous Marks and name.

43.     GVL's unauthorized adoption and continued use of a designation identical to and thus confusingly similar to Global's Marks is willful and has been done with the intention of diluting and trading upon the valuable goodwill built up by Plaintiff in the Global Marks.

44.     Doreen Abrams, Shay Horowitz, Sharon Bennamer, and Hayim Bennamer, as owners, directors and officers of GVL, personally participated in, authorized, directed, planned, orchestrated, approved of, and were the conscious forces behind the acts of dilution complained of.

8

## COUNT IV
### Unfair Competition
### Violation Of Florida Common Law

45.     Global repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 34, inclusive.

46.     By virtue of GVL's acts hereinabove pleaded, GVL has violated Florida common law prohibiting unfair competition.

47.     GVL's continued use of Global's trade name and registered Marks in connection with its moving and storage services has caused confusion, and is likely to cause additional confusion as to the source, affiliation, or approval of GVL's services by Global or Global's authorized agents.

48.   GVL's unauthorized adoption and continued use of a designation identical to and thus confusingly similar to Global's Marks is willful and has been done with the intention of trading upon the valuable goodwill built up by Plaintiff in the Global Marks and trade name.

49.   Doreen Abrams, Shay Horowitz, Sharon Bennamer, and Hayim Bennamer, as owners, directors and officers of GVL, personally participated in, authorized, directed, planned, orchestrated, approved of, and were the conscious forces behind the acts of unlawful competition complained of.

## COUNT V
### Violation of Florida Statute § 501.204
### Unlawful methods of competition

50.     Global repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 34, inclusive.

51.     By virtue of GVL's acts hereinabove pleaded, GVL has violated Florida Statute §

9

501.204, which prohibits unfair competition and unfair and deceptive acts or practices in the conduct of any trade or commerce.

52.    Doreen Abrams, Shay Horowitz, Sharon Bennamer, and Hayim Bennamer, as owners, directors and officers of GVL, personally participated in, authorized, directed, planned, orchestrated, approved of, and were the conscious forces behind the acts of unlawful competition complained of.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Global Van Lines, Inc. prays for a judgment as follows:

A.    Preliminarily and permanently enjoining and restraining Defendant GVL, its officers, directors, principals, agents, servants, employees, successors, and assigns, and all others in active concert and participation with it, including Doreen Abrams, Shay Horowitz, Sharon Bennamer and Hayim Bennamer from:

1.    Imitating, copying, infringing, counterfeiting, or making unauthorized use of Global's common law and federally registered Marks, including Global, Global Van Lines, and other marks containing the word Global, or any confusingly similar marks or designations, alone or in combination with other words, as a service mark, trade name, logo, component, or otherwise, to market, advertise, or identify GVL's services;

2.    Making any statement or representation whatsoever, or using any false designation of origin or description (including, without limitation, any words or symbols), or performing any act which can or is likely to confuse

10

or lead the trade or public, or individual members thereof, to believe that GVL's services are in any manner associated or connected with Global;

3.    Representing by advertisements, statements, or otherwise to customers or potential customers that GVL is in any way associated with or licensed by Global, or in any way affiliated with the business or services of Global and its authorized agents.

B.    Directing the Defendants to immediately and completely paint over any truck trailers, signage, or other equipment which it may own or which is otherwise under its control which bear the infringing designation "Global."

C.    Directing the Defendants to deliver to Global for destruction all labels, signs, prints, letterhead, brochures, literature, advertisements, invoices, and the like which may be in its possession or under its control bearing the infringing designation "Global," pursuant to 15 U.S.C. § 1118.

D.    Ordering the Defendants to reroute their business telephone numbers, (877) 341-6683 and (954) 272-4930, and facsimile number, (954) 272-4338, and all of its other working telephone numbers to an authorized Global agent, as designated by Global, and to pay all costs related to the rerouting.

E.    Ordering the Defendants to contact all business listing companies, including telephone books and internet listings, which have printed or otherwise disseminated any advertisements for GVL, and cause such companies to cease listing GVL under the name "Global Van Lines" or anything confusingly similar, with GLV paying all costs related to the change of the listings.

11

F.   Ordering the Defendants to cease and desist all use of the website

http://www.myvanlines.com,, or any other website using the Global name, to reroute all

internet traffic from said website(s) to Global, and to pay all costs related to the rerouting.

G.   Ordering the Defendants to cease and desist all use of e-mail addresses  using the Global

name, including GlobalVanLinesthree@vox.3.com and GlobalVanLinestwo@vox.3.com,

to reroute all traffic from said e-mail addresses to Global, and to pay all costs related to

the rerouting.

H.   Restraining and enjoining the Defendants from directly or indirectly transferring, selling,

converting, encumbering, concealing, liquidating, encumbering, dissipating, disbursing,

spending, withdrawing, perfecting a security interest in, or otherwise disposing of any

funds, property, accounts, contracts, shares of stock, lists of consumer names, or other

assets, wherever located, including assets held by or on behalf of the Defendants within

or outside the United States, and including but not limited to any assets held by, for or

under the name of the Defendants at any bank or savings and loan institution, or with any

broker-dealer, escrow agent, title company, commodity trading company, precious metal

dealer, or other financial institution or depository of any kind. This is to include existing

assets and assets acquired after the effective date of the Order

I.   Requiring the Defendants to pay over to Global damages in the form of (1) the

Defendants' profits derived as the consequence of the acts complained of herein; (2)

damages sustained by Global; and (3) the costs and prejudgment interest thereon,

pursuant to 15 U.S.C. § 1117 (a).  Moreover, Plaintiff requests that judgment be entered

for three times the amount of such profits and damages, together with reasonable

12

attorney's fees and costs pursuant to 15 U.S.C. § 1117.  Finally, if Plaintiff so elects at any time before final judgment is entered by this Court, Plaintiff requests that it be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) as a result of the Defendants' use of a counterfeit mark in connection with the sale and offering for sale of services.

J.   Directing the Defendants to pay damages under Florida Statutes § 501.211 and § 501.213 (1), which provide for damages in addition to remedies otherwise available for the same conduct under state or local law.

K.   Granting such other and further relief that the Court may deem just and proper.

### JURY DEMAND

The Plaintiff requests a trial by jury for all causes of action so triable.

Dated: August ____, 2005

Respectfully submitted,
**DOMBROFF & GILMORE, P.C.**

Monica L. Irel, Esq.
Fla. Bar No. 142395
Wachovia Financial Center
200 S. Biscayne Blvd.
Suite # 1050
Miami, Fl.  33131
(305) 670-4843
(305) 670-4846 Facsimile

**Attorney for Global Van Lines, Inc.**

M14433

13

# EXHIBIT

# A

# Electronic Articles of Incorporation
## For

P05000050733
FILED
April 05, 2005
Sec. Of State
jshivers

GLOBAL VAN LINES, INC.

The undersigned incorporator, for the purpose of forming a Florida
profit corporation, hereby adopts the following Articles of Incorporation:

## Article I
The name of the corporation is:
GLOBAL VAN LINES, INC.

## Article II
The principal place of business address:
2445 SW 18TH TERRACE
#918
FT. LAUDERDALE, FL. US  33315

The mailing address of the corporation is:
2445 SW 18TH TERRACE
#918
FT. LAUDERDALE, FL. US  33315

## Article III
The purpose for which this corporation is organized is:
ANY AND ALL LAWFUL BUSINESS.

## Article IV
The number of shares the corporation is authorized to issue is:
1000

## Article V
The name and Florida street address of the registered agent is:
SHARON  BENNAMER
710 S. PARK RD
#14216
HOLLYWOOD, FL.  33021

I certify that I am familiar with and accept the responsibilities of registered agent.

Registered Agent Signature:  SHARON  BENNAMER

P05000050733
FILED
April 05, 2005
Sec. Of State
jshivers

## Article VI

The name and address of the incorporator is:

DOREEN ABRAMS
8211 WEST BROWARD BLVD., #200
PLANTATION, FLORIDA 33324

Incorporator Signature:  DOREEN ABRAMS

## Article VII

The initial officer(s) and/or director(s) of the corporation is/are:

Title:  P
SHARON  BENNAMER
710 S. PARK RD.,#14216
HOLLYWOOD, FL.  33021  US

Title:  VP
HAYIM  BENNAMER
710 S. PARK RD., #14216
HOLLYWOOD, FL.  33021  US

Sent By: ;                          0000000000;        Jul-11-05  3:02PM;        Page 2
                                                                               p. 1

Fax Audit Number: H 05 000 167 305 3

# Articles of Amendments

### Of

### Global Van Lines, Inc.
### (Document Number: P 05000050733)

05 JUL 11 AM 10: 23
FILED
SECRETARY OF STATE
TALLAHASSEE. FLORIDA

## Article I – Add Officer

The additional officer of the corporation shall be:

**Shay Horowitz**   V. P.

## Article II - Effective Date

The date of these Articles of Amendments shall be **effective July 11, 2005.**

## Article III - Adoption Date

The date of these Articles of Amendments were **adopted July 11, 2005.**

Prepared By:
David Torchin, C.P.A., P.A.
821 1 West Broward Blvd., Suite 200
Plantation, FL 33324-2726
Phone: (954) 472-3124
Fax: (954) 472-0067                                                                1

Fax Audit Number: H 05 000 167 305 3

Fax Audit Number:  H 05 00 0 167305 3

# Article IV - Corporate Meeting

These Articles of Amendments were adopted by a meeting of the board of directors, a quorum being present.

The meeting's chairman was Sharon Bennamer.

These articles of amendments were approved by 100% vote of all outstanding stockholders.

Dated this 11th day of July 2005.

Signed: _____
       Sharon Bennamer, President

Prepared By:
David Torchin, C.P.A., P.A.
8211 West Broward Blvd., Suite 200
Plantation, FL 33324-2726
Phone: (954) 472-3124
Fax: (954) 472-0067

2

Fax Audit Number:  H 05 000 167 305 3



## Florida Profit

### GLOBAL VAN LINES, INC.

---

## PRINCIPAL ADDRESS
2445 SW 18TH TERRACE
#918
FT. LAUDERDALE FL 33315 US

---

## MAILING ADDRESS
2445 SW 18TH TERRACE
#918
FT. LAUDERDALE FL 33315 US

| Document Number | FEI Number | Date Filed |
|---|---|---|
| P05000050733 | NONE | 04/05/2005 |
| **State** | **Status** | **Effective Date** |
| FL | ACTIVE | NONE |
| **Last Event** | **Event Date Filed** | **Event Effective Date** |
| AMENDMENT | 07/11/2005 | NONE |

---

## Registered Agent

| Name & Address |
|---|
| BENNAMER, SHARON<br>710 S. PARK RD<br>#14216<br>HOLLYWOOD FL 33021 |

---

## Officer/Director Detail

| Name & Address | Title |
|---|---|
| BENNAMER, SHARON<br>710 S. PARK RD.,#14216<br><br>HOLLYWOOD FL 33021 US | P |
| BENNAMER, HAYIM<br>710 S. PARK RD., #14216<br><br>HOLLYWOOD FL 33021 US | VP |



HOROWITZ, SHAY
419 NW 94 LANE

CORAL SPRINGS FL 33017 US

VP

## Annual Reports

| Report Year | Filed Date |
| --- | --- |

| Previous Filing | Return to List | Next Filing |

View Events
No Name History Information

## Document Images
Listed below are the images available for this filing.

07/11/2005 -- Amendment
04/05/2005 -- Domestic Profit

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

# EXHIBIT

# B



# Toll Free
# 1.877.341.MOVE (6683)

| Home | Coupons | Services | Contact Us |

## Home



Personal Move          Special Services          Corporate Move

**Get A Free Quote**

**Contact Us**

**Moving Insurance**

**Moving Tips**

**Your Rights and
Responsibilities
When you Move**

**Coupons**

### Welcome To Global Van Lines

Global Van Lines is America's leading and most trusted name for transportation today. Weather you are moving your home, office or an exclusive item we have the right kind service designed to fit your way of life.

From the beginning earning customer confidence and building a solid reputation has been our primary goal, your satisfaction is our greatest achievement!

Providing Americans with customized relocation solutions has been a time honored practice and a rewarding one.

We at Global Van Lines know how time consuming and strenuous moving can be that is why we offer the best and most qualified professionals to assist you step by

step throughout your relocation, initially our relocation specialists will guide you and provide you with essential information for a successful move, followed by our skilled movers that will make you feel confident and comfortable that your most prized possessions are completely protected and are in good hands during transit.

So relax, you've made the right choice.

# Global Van Lines 1.877.341.MOVE (6683)

Home | Contact Us | Advertise | Log in | Quality Vision | Privacy Policy | Site Directory



# Toll Free 1.877.341.MOVE (

| Home | Coupons | Services | Contact Us |

## Contact Us



**Our dedicated staff memebers are always ready to help at a push of a button...**

**We can guide you throughout your relocation process step-by-step from the planning ahead to the actual event.**

**Here at Global Van Lines we know that no two people are alike and that is why, what ever your particular needs are, a qualified relocation specialist is there to assist. We will make every effort to ensure your satisfaction and accommodate your needs.**

Call us today at

### 1.877.341.MOVE (6683)

 Contact us by e-mail...

Sales Department:GlobalVanLinesThree@Vox3.com

Customer Service:GlobalVanLinesTwo@Vox3.

 or by facsimile

Fax: 954.272.4338

## Global Van Lines 1.877.341.MOVE (6683)

#136234

#52185!

| Home | Contact Us | Advertise | Log in | Quality Vision | Privacy Policy | Site Directory |

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
GLOBAL VAN LINES, INC.

**DEFENDANTS** GLOBAL VAN LINES, INC.,
DOREEN ABRAMS, SHAY HOROWITZ,
SHARON BENNAMER, HAYIM BENNAMER

CIV-UNGARO-BENAGES

**(b)** County of Residence of First Listed Plaintiff ALLEN, INDIANA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant BROWARD, FLORIDA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (305) 670-4843
MONICA IREL, ESQ.
DOMBROFF + GILMORE
200 S. BISCAYNE BLVD., #1050
MIAMI, FLORIDA 33131

**05 - 61410**

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☐ DADE   ☐ MONROE   ☒ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

O'Sullivan

0:05 CV 61410-UUB

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
TRADEMARK INFRINGEMENT (15 USC §§ 1125(a) and (b), 1114(a)).
UNFAIR COMPETITION, FLA. STAT. § 501.204
LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE                    DOCKET NUMBER

DATE 8/19/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 535092   AMOUNT 250.00   APPLYING IFP

✎ AO 120 (Rev. 2/99)

| COMMISSIONER OF PATENTS & TRADEMARKS<br>2121 CRYSTAL DRIVE<br>SUITE 1100<br>ARLINGTON, VA 22201 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____Southern District of Florida_____ on the following  ☐ Patents or  X **Trademarks:**

| DOCKET NO.<br>05-61410-CIV-UNGARO-BENAGES | DATE FILED<br>8/22/05 | U.S. DISTRICT COURT<br>Southern District of Florida |
|---|---|---|
| PLAINTIFF<br>Global Van Lines, Inc.<br>an Indiana Corporation | | DEFENDANT<br>Global Van Lines, Inc.<br>a Florida Corporation |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | See attached | See attached | Plaintiff |
| 2 | | | |
| 3 | | | . |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | |
|---|---|---|
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | . |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>CLARENCE MADDOX | (BY) DEPUTY CLERK<br>Lisa I. Streets | DATE<br>8/23/05 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Commissioner    Copy 3—Upon termination of action, mail  this copy to Commissioner
Copy 2—Upon filing document adding patent(s), mail this copy to Commissioner    Copy 4—Case file copy