UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61410 CIV-UNGARO/O'SULLIVAN

GLOBAL VAN LINES, INC.,

　　　　　Plaintiff,

v.

GLOBAL VAN LINES, INC., DOREEN ABRAMS,
SHAY HOROWITZ, SHARON BENNAMER,
HAYIM BENNAMER,

　　　　　Defendants,

_____/

## REPORT AND RECOMMENDATION

　　　　　THIS MATTER is before the Court on the Plaintiff's Verified Motion for Attorney's Fees and Costs (DE # 91, 02/09/2007).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). (DE #98, 02/13/2007). Having carefully considered the pertinent filings, the record and the applicable law, the undersigned recommends that the Plaintiff's Verified Motion for Attorney's Fees and Costs (DE # 91, 02/09/2007) be **GRANTED IN PART** and **DENIED IN PART** in accordance with the following Report and Recommendation.

## BACKGROUND

　　　　　On August 22, 2005, plaintiff Global Van Lines, Inc. filed a five-count complaint against defendants Global Van Lines, Inc. ("Global"), Doreen Abrams, Shay Horowitz,[1] Sharon

---

[1] On August 28, 2006, the Court granted defendant Shay Horowitz's motion to vacate the Clerk's default as to defendant Shay Horowitz. Upon plaintiff's notice of voluntary dismissal with prejudice, the Court dismissed the case with prejudice as to defendant Shay Horowitz on December 12, 2006.

Bennamer and Hayim Bennamer, claiming that defendants' unauthorized use of plaintiff's trademarks violated provisions of the Lanham Act and Florida's unfair competition laws, and seeking injunctive relief and damages. (D.E. # 1). On August 21, 2006, the Clerk of Court entered default against all defendants except Doreen Abrams,[2] for failure to appear, answer, or otherwise plead to the complaint. (D.E. # 66). On January 10, 2007, the Court entered final judgment against the defaulted defendants in the amount of $648,000.00 plus reasonable attorneys' fees, costs and prejudgment interest. (D.E. # 90, 01/11/2007). The Court retained jurisdiction over attorney's fees and costs.  (D.E. # 90, 01/11/2007).

On February 9, 2007, the plaintiff  filed the instant motion. (D.E. # 91).  The plaintiff seeks to recover $86,130.00 in attorney's fees and $3,416.63 in costs. Defendants have not filed a response in opposition to the motion. The matter is ripe for disposition.

## <u>ANALYSIS</u>

### I. Entitlement to Fees and Costs

Under the Lanham Act, the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a); *see also Montgomery v. Noga*, 168 F.3d 1282, 1304 (11th Cir. 1999); *see also* Final Judgment (D.E. # 90, 01/11/2007). The Court has discretion to award the plaintiff attorney's fees as part of its costs under the Lanham Act.  *See* 15 U.S.C. § 1117(a); *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1319 (11th Cir. 2001).

Previously, the Court determined that the plaintiff  is a prevailing party for purposes of entitlement to an award of attorney fees under the Lanham Act. (D.E. # 90, 01/11/2007). The Court also found that the plaintiff had sufficiently demonstrated that the defendants have acted in bad faith, warranting an award of attorney's fees under 15 U.S.C. § 1117(a). *Id*.  Thus, the

---

[2] Upon the Plaintiff's Notice of Voluntary dismissal, the Court dismissed the case as to Defendant Doreen Abrams on January 9, 2007.

plaintiff is entitled to reasonable attorney's fees and costs.

## II.  Attorney's Fees

Having determined that the plaintiff is entitled to an award of attorney's fees and costs incurred in connection with the prosecution of this lawsuit, the undersigned next addresses the appropriate amount of the fee award. In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

### 1. Reasonable Hourly Rate

A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  To determine the prevailing market rates the Court should consider several factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing *Dillard v. City of Elba*, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)), *aff'd*, 109 F.3d 771 (11th Cir. 1997) (Table).

Here, plaintiff's counsel requests an hourly rate of $150.00. The plaintiff also submitted an affidavit from its expert[3] attesting the reasonableness of the fees sought and cited in his motion *Alvarez v. Apollo Ship Chandlers*, *Inc.*, Case No. 02-21045-CIV-UUB, 2003 U.S. Dist.

---

[3] *See* Affidavit of Michael B. Chesal, a partner with the law firm of Kluger, Peretz, Kaplan and Berlin. (D.E. # 93, 02/09/2007).

3

LEXIS 25937 (S. D. Fla. 2003), where the Court found hourly rates ranging from $160 per hour to $400 per hour were reasonable for a Miami-Dade County law firm. (D.E. # 91, 02/11/2007).

Generally, acceptable proof of the market rate may consist of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. *Norman*, 836 F.2d at 1299. However, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. *Id*. at 1303.

Having considered and weighed the filings, the affidavits, the documentary evidence, counsels' reputation and experience and the Court's familiarity with litigation and attorney's fees in general, the hourly rate of $150.00 requested by the plaintiff is reasonable and appropriate.

### 2. Hours Reasonably Expended

The Court must next evaluate the reasonableness of the total hours expended by plaintiff's counsel.  The plaintiff requests reimbursement for a total of 574.20 hours. The plaintiff has supported its fee request by submitting an affidavit with a summary of billing and itemized invoices containing the date each task was performed, a description of the task and the amount of time spent. (D.E. # 92, 02/09/2007). These documents are certified by the plaintiff's counsel.

The Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  *See Norman*, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  An attorney seeking to recover fees must keep accurate and current records of work done and time spent on a case.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 & n.12, 103 S. Ct. 1933, 1941 & n.12 (1983).  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each

4

attorney", *National Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982), and which identify the subject matter of each time expenditure. *See Hensley*, 461 U.S. at 437 & n.12, 103 S. Ct. at 1941 & n.12. If there is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary", the Court may reduce the number of hours for which fees will be awarded. *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985); *see also F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987) ("[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested.").

Upon independent review of the billing records that the plaintiff submitted to this Court, the undersigned finds that the time entries were contemporaneous, complete, standardized, and accurately reflect the work done by the plaintiff's counsel. The undersigned finds, however, that in many instances, entry items were duplicated or tasks should have been completed in less time.[4]  Also, there were multiple revisions to documents drafted in completion of certain tasks.[5]  Accordingly, an overall 25% reduction for the requested time is warranted.

Consequently, the plaintiffs should be awarded attorney's fees for a total of 430.65 hours at $150.00 per hour for a fee amount of $64,597.50.

---

[4] For example, exactly the same billing entry ("Draft motion for default judgment. Reviewed several documents to assist in drafting said motion"), initially entered on 9/16/05, is duplicated for the same amount of time (1.8 hour) by the same person (MCL) on 9/19/05. *See* D.E. 92-3, 02/09/2007 at 29-30. Preparation of a two page "Agreed Motion for Extension" (D.E. # 33, 03/03/2006) took 1.7 hour. *See* D.E. 92-3, 02/09/2007 at 76.

[5] For example, It took 3.6 hours for the plaintiff's counsel to draft Joint Planning and Scheduling Report 0n 2/27/06 and then additional 2.5 hours for its revision on 2/28/06. See D.E. 92-3, 02/09/2007 at 72-73.

## III. Costs

Pursuant to the Lanham Act, the Court has discretion to award the plaintiff costs "subject to the principles of equity."  15 U.S.C. § 1117(a); *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001).  Rule 54(d)(1) of the Federal Rules of Civil Procedure also expressly authorizes  "costs other than attorneys' fees. . . . [to be] allowed as of course to the prevailing party unless the court otherwise directs." *Id.* For purposes of Rule 54(d), "'[u]sually the litigant in whose favor judgment is rendered is the prevailing party . . . .'" *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793-94 (5th Cir.1978)). The plaintiff prevailed in the case at bar and, therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920.

In the exercise of sound discretion, the Court has great latitude to ascertain which costs are taxable.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 619-20 (11th Cir.  2000).  However, because 15 U.S.C. § 1117(a) does not specify which costs are recoverable, the Court is "bound by the limitations set out in 28 U.S.C. §§ 1821 and 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987); *see also W&O, Inc.*, 213 F.3d at 620.  A court may only tax those costs which are specifically authorized by statute. Title 18, United States Code, Section 1920 allows the following costs:

(1)  Fees of the clerk and marshal;

(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and copies of papers necessarily obtained for use in case;

(5)  Docket fees under § 1923 of this title

(6)  Compensation of court appointed experts, compensation of interpreters, and

> salaries, fees, expenses, and costs of special interpretation services under §
> 1828 of this title.

28 U.S.C. § 1920.  In accordance with § 1920, the undersigned recommends that the Court

award the plaintiff the following costs:

**1.      Fees of the Clerk**

The plaintiff seeks reimbursement in the amount of  $350.00 in filing fees. "[F]ees of

the clerk and marshal" are recoverable under 28 U.S.C. § 1920(6).  The undersigned therefore

recommends that the Court award the plaintiff ***$350.00*** for expenses associated with fees of

the clerk.

**2.      Service of Process Fee**

The plaintiff further requests process server fee totaling $288.00.  Such "[p]rivate

process server fees may be taxed."[6]   *W&O*, 213 F. 3d at 623. These costs are recoverable

under 28 U.S.C. § 1920. The plaintiff should recover ***$288.00*** in process server fees.

**3.      Computerized Legal Research, Courier, Telephone, Postage and Expert Expenses**

The plaintiff requests reimbursement in the amount of $1,228.72 for costs associated

with legal research, $674.30 for courier services, and $35.61 in telephone and postage fees.

The plaintiff also requests $850.00 in expert fees for an affidavit, submitted by the plaintiff in

support of the instant motion. The Eleventh Circuit has held that "computerized legal research,

postage, courthouse parking fees and expert witness fees . . . are clearly nonrecoverable."

*Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11the Cir. 1996); 28 U.S.C. § 1920; *see e.g.,*

*Kivi v. Nationwide Mut. Ins. Co.,* 695 F.2d 1285, 1289 (11th Cir.1983) (noting that "additional

amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as

---

[6]  The United States Marshals Service no longer serves subpoenas for private litigants in
civil suits in the Southern District of Florida.

costs in federal courts."). Accordingly, the plaintiff is not entitled to such costs.

### RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Plaintiff's Verified Motion for Attorney's Fees and Costs (DE # 91, 02/09/2007) be **GRANTED IN PART** and **DENIED IN PART** and that the Court issue an Order awarding attorney's fees in the amount of **_$64,597.50_** and costs in the amount of **_$638.00_**.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F. 2d 745 (11th Cir.1988), *cert. denied,* 488 U.S. 958 (1988); *see also RTC v. Hallmark Builders, Inc.*, 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **23rd** day of April, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE


Copies provided to:
United States District Judge Ungaro
All Counsel of Record

8